UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARRIE JAMES, *et al.*,<br><br>      Plaintiffs,<br><br>   v.<br><br>CONTRA COSTA COUNTY and DOES 1-50,<br><br>      Defendants. | Case No. 22-cv-05939-SI<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS SECOND AMENDED COMPLAINT**<br><br>Re: Dkt. No. 37 |

On June 30, 2023, the Court held a hearing on defendant Contra Costa County's motion to dismiss plaintiff's second amended complaint ("SAC"). The County contends that plaintiffs' claims are time-barred and that plaintiffs have failed to adequately allege a claim pursuant to *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). After consideration of the parties' briefing and arguments, the Court GRANTS the motion with leave to amend. The third amended complaint is due by **July 21, 2023.**

### I.    Statute of Limitations

The statute of limitations for claims under 42 U.S.C. § 1983 is "the personal injury statute of limitations of the state which the cause of action arose." *Alameda Books, Inc. v. City of Los Angeles*, 631 F.3d 1031, 1041 (9th Cir. 2011). In California, the statute of limitations for personal injury claim is two years. *Id.* While state law sets the statute of limitations period, federal law determines when a claim accrues. *Bird v. Dep't of Hum. Servs.*, 935 F.3d 738, 743 (9th Cir. 2019). Under federal law, a claim accrues when the plaintiff "knows or has reason to know of the injury which is the basis of the action." *Lukovsky v. City & Cty. of San Francisco*, 535 F.3d 1044, 1048

(9th Cir. 2008) (quoting *Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 926 (9th Cir. 2004) (internal quotation marks omitted)).

The decedent Levelle Williams was attacked by two inmates on September 23, 2020, and died the next day, SAC ¶ 10; this lawsuit was filed on October 10, 2022. Plaintiffs Carrie James and Perry Williams are decedent's natural parents. The Court finds that the statute of limitations was tolled until October 1, 2020, by California Emergency Rule 9. Cal. Rules of Court, Appendix 1: Emergency Rules Related to COVID-19, Emergency Rule 9. The California Judicial Council adopted California Emergency Rule 9 due to the closure of state courts during the COVID-10 pandemic. *Id.* Emergency Rule 9 tolled the statute of limitations for state law claims from April 6, 2020, to October 1, 2020. *Id.* Therefore, the statute of limitations period began on October 1, 2020, and ran on October 1, 2022. Thus, absent any further tolling of the statute of limitations, this lawsuit was filed nine days late.

## II.   California's Delayed Discovery Rule

Plaintiffs' opposition[1] asserts that their claims are not untimely because they are entitled to California's delayed discovery rule. Plaintiffs James and Williams state that when they learned of their son's death in September 2020, they were in extreme shock and they believed he died because of medical malpractice. Williams Decl. ¶ 4 (Dkt. No. 38-1); James Decl. ¶ 4 (Dkt. No. 38-2). Williams and James state that they had no reason to suspect that Contra Costa County and/or the Sheriff's Deputies were responsible, and that they were "stonewalled" when they attempted to get more information from the Sheriff's detectives about what had happened to their son. Williams Decl. ¶ 5; James Decl. ¶ 5. They state that it was not until the Coroner's Inquest in April 2021 that they learned the facts showing that the County was responsible for their son's death due to improper policies and lack of supervision of pretrial detainees. Williams Decl. ¶¶ 4, 7; James Decl. ¶¶ 4, 7.

Under the delayed discovery rule, a plaintiff has "reason to discover a cause of action when he or she has reason to at least suspect a factual basis of its elements." *Fox v. Ethicon Endo-Surgery,*

---

[1] The SAC does not allege the delayed discovery rule as a basis for tolling the statute of limitations.

2

*Inc.*, 35 Cal. 4th 797, 807 (2005) (quoting *Norgart v. Upjohn Co.*, 21 Cal. 4th 383, 393 (1999)) (internal quotation marks omitted). "Knowledge of injury, not knowledge of a particular defendant's role in the injury" triggers notice under the delayed discovery rule. *Javier v. Assurance IQ, LLC*, No. 20-CV-02860-CRB, 2023 WL 114225 at *7 (N.D. Cal. Jan. 5, 2023). "A plaintiff whose complaint shows on its face that his claim would be time-barred without the benefit of the discovery rule must specifically plead facts to show (1) the time and manner of discovery and (2) the inability to have made earlier discovery despite reasonable diligence." *Fox*, 35 Cal. 4th at 808. Here, the SAC does not contain any factual allegations in support of delayed discovery. The third amended complaint shall include the facts stated in the Williams and James declarations, and plaintiffs should include further detail about their inability to have made earlier discovery despite reasonable diligence.

### III.     Equitable Tolling

Plaintiffs allege the statute of limitations was equitably tolled for 39 days between October 9, 2020, and November 17, 2020, the time period when their tort claim was pending with the Board of Supervisors. SAC ¶ 19. To determine whether a plaintiff is entitled to equitable tolling, courts apply a three-pronged test: "(1) timely notice to the defendant in filing the first claim (2) lack of prejudice to the defendant in gathering evidence to defend against the second claim; and (3) good faith and reasonable conduct by the plaintiff in filing the second claim." *Lucchesi v. Bar-O Boys Ranch*, 353 F.3d 691, 694 (9th Cir. 2003). "If a plaintiff's first claim and second claim concern different wrongs, however, equitable tolling is not available, and the three-pronged test is not applied. *Lucchesi*, 353 F.3d at 695." Defendants do not dispute the first and second prongs, and instead argue that plaintiffs have not shown they acted in good faith because they do not explain why they waited for 23 months after their tort claim was rejected on November 17, 2020, to file this lawsuit.

While California courts have not provided a clear definition of "good faith" for purposes of equitable tolling, a party's undue delay or unreasonableness in filing the second claim may indicate lack of good faith for equitable tolling. *Ervin v. Los Angeles Cnty.*, 848 F.2d 1018, 1020 (9th Cir.

1988). In *Ervin*, the plaintiff/appellant had an investigation report related to the incident underlying her lawsuit for almost a year and a half before filing her lawsuit. *Id.* The Ninth Circuit held she was not entitled to equitable tolling because "good faith is to be used in its plain and ordinary sense, and that the appellant's unwarranted delay in filing her federal civil rights claim was neither reasonable nor in good faith." *Id.* In addition to delay, courts look to the plaintiff's conduct and whether the plaintiff has provided any explanation for the delay. *See Mojica v. 4311 Wilshire, LLC*, 131 Cal. App. 4th 1069, 1073 (2005) (bad faith may involve "trifling with the courts or the other party."); *Johnson v. Dovey*, No. CV06-01985-DDP JCR, 2008 WL 4375654 at * 8 (C.D. Cal. Aug. 27, 2008) (finding the plaintiff acted in bad faith because there was simply "no evidence before the [c]ourt demonstrating that [the] [p]laintiff made *any* effort to comply with the statute of limitations."); *McMahon v. Albany Unified Sch. Dist.*, 104 Cal. App. 4th 1275, 1293 (2002) (finding the plaintiff acted in bad faith when he waited a long period, "without explanation, to file his second amended complaint."). Although plaintiffs argue they did not know of defendants' involvement in their son's death until the Coroner's Inquest in April 2021, plaintiffs do not allege any explanation for the delay in filing this lawsuit between April 2021 and October 10, 2022. If plaintiffs can allege facts to show they acted in good faith during this time period, such as unsuccessful efforts to find an attorney and/or issues related to COVID, they should include these facts in the amended complaint.

## IV. *Monell* claim

Local governments are "persons" subject to liability under 42 U.S.C. § 1983 where official policy or custom causes a constitutional tort, *see Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978); however, a city or county may not be held vicariously liable for the unconstitutional acts of its employees under the theory of *respondeat superior*. *See Board of Cty. Comm'rs. of Bryan Cty. v. Brown*, 520 U.S. 397, 403 (1997); *Monell*, 436 U.S. at 691; *Fuller v. City of Oakland*, 47 F.3d 1522, 1534 (9th Cir. 1995). To establish an official policy that would give rise to *Monell* liability, a plaintiff must allege facts to support one of the following to survive dismissal of its claim: (1) an unconstitutional custom or policy behind the violation of rights; (2) a deliberately indifferent

4

omission, such as a failure to train or failure to have a needed policy; or (3) a final policy-maker's involvement in, or ratification of, the conduct underlying the violation of rights. *Clouthier v. County of Contra Costa*, 591 F.3d 1232, 1249-50 (9th Cir. 2010) (synthesizing authorities), *overruled on other grounds by Castro v. Cty. of Los Angeles*, 833 F.3d 1060 (9th Cir. 2016).

The second cause of action alleges that the County deprived Williams of his "rights, privileges and immunities by the Unites States Constitution, by among other things, not training, or inadequately training [defendant Officers] to avoid allowing inmates . . . to attack other inmates which caused a significant risk of harm and death to Williams associated with such actions." SAC ¶ 30. Plaintiffs also allege that the County has a "widespread or longstanding custom and practice ratifying inmates . . . attacking other inmates at will and unimpeded . . . with such actions, which failures, together with its lack of, or inadequate, training of its deputies, amounts to deliberate indifference." *Id.* ¶ 31. The SAC also alleges that one of the inmates who attacked Williams spoke about his plot to attack on a jail recorded phone monitored by deputies on at least three occasions in the days leading up to the attack, and that "defendants" were aware that the two inmates who attacked Williams had been involved in other beatings in April 2019, June 2019, and in 2020 several weeks before they attacked Williams. *Id.* ¶¶ 12-16.

To the extent plaintiffs are asserting a ratification theory, they have failed to allege that a final policymaker was involved in or ratified the unconstitutional conduct. With regard to failure to train, proof of random acts or isolated incidents of unconstitutional action by a non-policymaking employee is generally insufficient to establish the existence of a municipal policy or custom. *See Rivera v. County of Los Angeles*, 745 F.3d 384, 398 (9th Cir. 2014); *McDade v. West*, 223 F. 3d 1135, 1142 (9th Cir. 2000); *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996); *Thompson v. City of Los Angeles*, 885 F.2d 1439, 1444 (9th Cir. 1989). This is because deliberate indifference "is a stringent standard of fault" and "requires proof that the municipality had 'actual or constructive notice that a particular omission in their training program' will 'cause[ ] municipal employees to violate citizens' constitutional rights." *Kirkpatrick v. Cnty. of Washoe*, 843 F.3d 784, 794 (9th Cir. 2016) (quoting *Connick v. Thompson*, 563 U.S. 51, 61 (2011)).

Plaintiffs are correct that in "a narrow range of circumstances, a particular showing of

obviousness can substitute for the pattern of violations ordinarily necessary to establish municipal culpability." *Id.* (quoting *Connick*, 563 U.S. at 63 (internal quotation marks omitted)).  However, "[s]uch a situation is 'rare'—'the unconstitutional consequences of failing to train must be patently obvious and the violation of a protected right must be a highly predictable consequence of the decision not to train." *Id.* (quoting *Connick*, 563 U.S. at 63) (internal quotation marks omitted).

Here, plaintiffs have not alleged enough facts to show either a pattern of similar constitutional violations by untrained employees or a "showing of obviousness."  The Court grants leave to amend to allow plaintiffs to add more detail and more factual allegations showing other instances of untrained deputies allowing inmates to attack other inmates or failing to prevent such attacks and/or facts showing that "the unconstitutional consequences of failing to train" are "patently obvious and the violation of a protected right must be a highly predictable consequence of the decision not to train." *Id*.

For the foregoing reasons, the Court GRANTS the defendant's motion to dismiss plaintiffs' second amended complaint with leave to amend.  **The amended complaint shall be filed by July 21, 2023.**

**IT IS SO ORDERED**.

Dated: July 7, 2023

_____
SUSAN ILLSTON
United States District Judge