UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARRIE JAMES, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>CONTRA COSTA COUNTY, and DOES 1-50,<br><br>Defendants. | Case No. 22-cv-05939-SI<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS THIRD AMENDED COMPLAINT**<br><br>Re: Dkt. No. 47 |

Defendant's motion to dismiss the third amended complaint was scheduled for a hearing on September 8, 2023. Pursuant to Civil Local Rule 7-1(b), the Court VACATED the hearing. For the reasons set forth below, the Court DENIES the motion to the extent defendants contend that the claims of the decedent's parents are time-barred, and GRANTS the motion to dismiss the *Monell* claim, without prejudice to that claim being reasserted if discovery supports such a claim.

**I.      Statute of Limitations**

The County contends that the claims of Carrie James and Perry Williams regarding their son's death are time-barred because their son died on September 23, 2020, and this lawsuit was not filed until October 10, 2022, beyond the two year statute of limitations for § 1983 claims in California. In an earlier order, the Court held that the statute of limitations was tolled until October 1, 2020, pursuant to California Emergency Rule 9. Thus, the parents' claims were filed 9 days late, unless their claims accrued on a date other than September 23, 2020, or there is some basis for tolling. In an order filed July 7, 2023, the Court granted plaintiffs leave to amend the complaint to allege a basis for delayed accrual and/or equitable tolling.

1   The third amended complaint alleges that when their son died, James and Williams were told that Levele died while being treated at John Muir Hospital for a broken jaw and that he "had died due to a medical procedure," and that they did not suspect or have reason to suspect that the County or Sheriff's deputies were responsible due to improper supervision of pretrial detainees. TAC ¶¶ 24-26. The complaint alleges that James and Williams tried to get information about the circumstances of their son's death but that County detectives "stonewalled" them and "refused to inform the Plaintiffs of any facts that included any involvement or wrongdoing by Contra Costa County jail staff" and that detectives refused to provide them with a copy of any incident report." *Id.* ¶¶ 16-17. Plaintiffs allege that it was not until an April 2021 inquest that they learned the facts underlying their son's death, and that once they did they began searching for an attorney who would take the case. *Id.* ¶ 26.

The County argues that the additional allegations do not show a basis for either a delayed accrual date or equitable tolling, and the County emphasizes the fact that James and Williams filed a tort claim on October 14, 2020 alleging negligence on the part of the County with regard to Levele's death.

"A claim may be dismissed under Rule 12(b)(6) on the ground that it is barred by the applicable statute of limitations only when 'the running of the statute is apparent on the face of the complaint.'" *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010) (quoting *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997 (9th Cir. 2006)). The Court concludes that that there are factual questions as to when the parents' claims accrued and whether there is a basis for tolling and thus DENIES defendant's motion to dismiss their claims on statute of limitations grounds. A section 1983 claim accrues when the plaintiff "knows or has reason to know of the injury which is the basis of the action." *Lukovsky v. City & Cty. of San Francisco*, 535 F.3d 1044, 1048 (9th Cir. 2008). However, under the discovery rule, "the statute only begins to run once a plaintiff has knowledge of the 'critical facts' of his injury, which are 'that he has been hurt and who has inflicted the injury.'" *Bibeau v. Pacific Northwest Research Foundation Inc.*, 188 F.3d 1105, 1108 (9th Cir. 1999) (quoting *United States v. Kubrick*, 444 U.S. 111, 122 (1979)). "[W]hat [a plaintiff] knew and when [he] knew it are questions of fact." *Simmons v. United States*, 805 F.2d

2

1363, 1368 (9th Cir.1986).

Here, the Court cannot determine precisely when the parents' claims regarding their son's death accrued because they allege that they were initially told that he died as a result of a medical procedure, and did not learn until later about the alleged wrongdoing of the deputies. Even accepting the County's argument that the October 14, 2020 tort claim shows that the parents "knew" that the County was responsible for their son's death, the tort claim would show that as of October 14, 2020, the parents had such knowledge – and October 14, 2020 is within two years of the filing date of the complaint.

Similarly, there are factual questions regarding whether equitable tolling applies. Specifically there are factual questions about whether James and Williams acted in good faith and reasonably in not filing the lawsuit until October 10, 2022. The complaint alleges that plaintiffs repeatedly attempted to learn the facts surrounding their son's death and that the County refused to provide the information that was requested, and that the plaintiffs searched for lawyers to take their case for many months before securing representation. In light of these allegations, the Court cannot conclude as a matter of law that equitable tolling does not apply.

## II. *Monell* claim

The County contends that plaintiffs have failed to cure the deficiencies in their *Monell* claim that the Court identified in the July 7 order, and the County notes that the *Monell* allegations are identical to those contained in the second amended complaint. Plaintiffs do not dispute that the allegations are unchanged, but they argue that they have stated a claim.

For all of the reasons stated in the prior order, the *Monell* allegations are insufficient. The Court DISMISSES this claim without prejudice to plaintiffs reasserting this claim if discovery provides a factual basis for such a claim.

**IT IS SO ORDERED**.

Dated: September 11, 2023

SUSAN ILLSTON
United States District Judge

3