UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARRIE JAMES, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>CONTRA COSTA COUNTY, et al.,<br><br>    Defendants. | Case No. 22-cv-05939-SI<br><br>**ORDER RE: JUNE 7, 2024 HEARING ON DEFENDANT SABELLA'S MOTION TO DISMISS** |

Defendant Deputy Joseph Sabella's motion to dismiss the fourth amended complaint is scheduled for a hearing on June 7, 2024 at 10:00 a.m. via zoom. Sabella contends, *inter alia*, that the claims of plaintiffs Carrie James and Perry Williams should be dismissed as untimely because the naming of Sabella (and Deputy Jensen)[1] in the fourth amended complaint does not "relate back" to the filing of the original complaint under either California or federal law.

Federal Rule of Civil Procedure 15(c)(1) allows an amendment to a pleading to "relate back" to the date of the original pleading under certain circumstances. That rule provides,

> (1) When an Amendment Relates Back. An amendment to a pleading relates back to the date of the original pleading when:
>
>     (A) the law that provides the applicable statute of limitations allows relation back;
>
>     (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading; or
>
>     (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:

---

[1] Although Deputy Jensen has not yet appeared, Sabella's motion, filed by County Counsel, contends that the Court should sua sponte dismiss plaintiffs' claims against Jensen because the arguments for dismissal apply equally to both defendants.

     (i) received such notice of the action that it will not be prejudiced in defending on the merits; and

     (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. Proc. 15(c)(1).

  "Rule 15(c)(1) incorporates the relation back rules of the law of a state when that state's law provides the applicable statute of limitations and is more lenient." *Butler v. Nat'l Cmty. Renaissance of California*, 766 F.3d 1191, 1200 (9th Cir. 2014). "As a result, if an amendment relates back under the state law that provides the applicable statute of limitations, that amendment relates back under Rule 15(c)(1) even if the amendment would not otherwise relate back under the federal rules." *Id*. California law governs the statute of limitations for plaintiffs' § 1983 claims. *See Douglas v. Noelle*, 567 F.3d 1103, 1109 (9th Cir. 2009). Thus, "because the limitations period derives from state law, Rule 15(c)(1) requires us to consider both federal and state law and employ whichever affords the 'more permissive' relation back standard." *Butler*, 766 F.3d at 1201.

  The Court's tentative opinion is that plaintiffs' claims do not relate back under California law because the docket demonstrates that plaintiffs' counsel (and possibly plaintiffs themselves) were not actually ignorant of the identities of Sabella and Jensen. *See Woo v. Superior Ct*., 75 Cal. App. 4th 169, 176-77 (1999) (in order for an amendment to relate back under California Code of Civil Procedure § 474, the plaintiff "must have been genuinely ignorant" of the defendant's identity at the time the original complaint was filed); *see also In re Perle*, 725 F.3d 1023, 1027 (9th Cir. 2013) ("Ordinarily, a lawyer is a client's agent and, consistent with agency law, clients 'are considered to have notice of all facts known to their lawyer-agent.'"). Deputy Sabella testified at the April 2021 Coroner's Inquest that he and Deputy Jensen were on duty in Levele Williams' housing pod at the time of the attack and that they found Levele in his cell after the attack. Dkt. No. 38-3 at 24-31. Plaintiffs' counsel filed a copy of the entire inquest transcript and requested judicial notice of the transcript, stating that they relied upon the transcript when preparing the complaint.

  However, based upon the Court's research, it appears that federal law governing relation back is more lenient than California law, at least as applied to this case. Under federal law, in order for an amendment to relate back, "the following conditions must be met: '(1) the basic claim must

have arisen out of the conduct set forth in the original pleading; (2) the party to be brought in must have received such notice that it will not be prejudiced in maintaining its defense; (3) that party must or should have known that, but for a mistake concerning identity, the action would have been brought against it.'" *Butler*, 766 F.3d at 1202 (quoting Fed. R. Civ. P. 15(c)(1)C)). "Additionally, the second and third requirements must have been fulfilled within 120[2] days after the original complaint is filed, as prescribed by Federal Rule of Civil Procedure 4(m)." *Id.*

"The question under Rule 15(c)(1)(C)(ii) is not whether [the plaintiff] knew or should have known the identity of [the prospective defendant] as the proper defendant, but whether [the prospective defendant] knew or should have known that it would be named as a defendant but for an error." *Krupski v. Costa Crociere S.p.A.*, 560 U.S. 538, 548 (2010). Thus, "[t]he only question under Rule 15(c)(1)(C)(ii), then, is whether [the prospective defendant] knew or should have known that, absent some mistake, the action would have been brought against [the prospective defendant]." *Id.*; *see also Joseph v. Elan Motorsports Tech. Racing Corp.*, 638 F.3d 555, 559-60 (7th Cir. 2011) (after *Krupski*, "The fact that the plaintiff was careless in failing to discover his mistake is relevant to a defendant's claim of prejudice; the longer the delay in amending the complaint was, the likelier the new defendant is to have been placed at a disadvantage in the litigation. But carelessness is no longer a ground independent of prejudice for refusing to allow relation back."). *See, e.g.*, *Myers v. Checksmart Financial LLC*, 701 Fed. App'x 588, 589-90 (9th Cir. July 3, 2017) (reversing district court and holding amendment related back under federal law because record showed that later-added defendant reasonably should have known within Rule 4(m) time period that the plaintiff intended to sue it); *see also White v. City of Los Angeles*, Case No. CV 19-00243 DDP (RAOx), 2020 WL 9893054, at *2-6 (C.D. Cal. July 24, 2020) (discussing relation back under California and federal law, and concluding in § 1983 case that while the plaintiff's claims did not relate back under California law because plaintiff and his lawyer had knowledge of officers' identities at time original complaint was filed, claims did relate back under federal law).

---

[2] Rule 4(m) was amended in 2015 to shorten the time period for service of summons and the complaint from 120 days to 90 days. *See* Fed. R. Civ. P. 4(m) advisory committee's notes to 2015 amendment.

3

The parties' briefs do not discuss *Krupski* or the proper federal standard regarding relation back of amendments. The Court directs the parties to be prepared to address the following at the June 7 hearing: (1) whether Sabella (and Jensen) knew or should have known that plaintiffs, had it not been for a "mistake," would have sued them in the original complaint; and (2) whether, even if they had such actual or constructive knowledge, the delay has impaired their ability to defend themselves. In addition, the Court directs plaintiffs' counsel to be prepared to address the following: (1) what "public sources" provided counsel with the identities of Sabella and Jensen such that plaintiffs were able to name them in the fourth amended complaint, *see* Dkt. No. 69 at 2; and (2) why plaintiffs did not name Sabella and Jensen in any earlier complaint based upon counsel's review of the Coroner's Inquest transcript.

Finally, Sabella requests the dismissal of all plaintiffs' claims, including those brought by the decedent's minor children, pursuant to Federal Rule of Civil Procedure 4(m). That rule provides that if a defendant is not served within 90 days after the complaint is filed, the Court must dismiss the action without prejudice unless the plaintiff has demonstrated good cause for the failure. The parties shall be prepared to address the following question: if the Court were to dismiss this case without prejudice pursuant to Rule 4(m), could the minor children refile this action? *See* Cal. Code Civ. Proc. § 352; *Papa v. United States*, 281 F.3d 1004, 1009 (9th Cir. 2002) (applying § 352 in *Bivens* action and holding that the limitations period for the four minor children's claims was tolled until they reached the age of majority or filed suit).

**IT IS SO ORDERED**.

Dated: May 30, 2024

_____
SUSAN ILLSTON
United States District Judge