UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARRIE JAMES, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>JOSEPH SABELLA, et al.,<br><br>    Defendants. | Case No. 22-cv-05939-SI<br><br>**ORDER RE: DEFENDANT SABELLA'S MOTION TO DISMISS AND SCHEDULING CASE MANAGEMENT CONFERENCE FOR JUNE 21, 2024 AT 3:00 P.M.**<br><br>Re: Dkt. No. 76 |

On June 7, 2024, the Court held a hearing on defendant Sabella's motion to dismiss the fourth amended complaint. For the reasons set forth below, the Court DENIES defendant Sabella's motion as to himself and GRANTS the motion as to defendant Jensen and Does 1-50. The claims against defendant Jensen and Does 1-50 are DISMISSED without prejudice. The Court schedules a case management conference via zoom for June 21, 2024 at 3 p.m. The parties shall file a joint case management conference statement by June 14, 2024.

**DISCUSSION**

**I.     Relation Back**

Plaintiffs Carrie James and Perry Williams are the parents of decedent Levele Williams. In September 2020, Levele was a pretrial detainee at the Martinez Detention Facility, and he died on September 23, 2020, after he was attacked by other detainees and experienced complications during surgery following the attack. James and Williams filed this lawsuit on October 10, 2022, against the County of Contra Costa and Contra Costa County Sheriff Deputy Does 1-50, alleging that

defendants failed to protect Levele in violation of the Fourteenth Amendment and in violation of their rights to familial association. The original complaint alleged that the Doe deputy defendants were working at the Martinez Detention Facility when Levele was attacked, that they "stood watch" during the attack, and that one of the inmates who attacked Levele had spoken about the attack plan on a "jail recorded phone line" monitored by the deputies. Compl. ¶¶ 7-8 (Dkt. No. 1).

On April 20, 2023, plaintiffs filed an amended complaint adding four of Levele's minor children as plaintiffs. Dkt. No. 25. In an order filed July 7, 2023, the Court dismissed the County without leave to amend, and the case proceeded against the Doe deputy defendants.

On February 27, 2024, plaintiffs filed a fourth amended complaint ("FAC"), for the first time naming Deputy Joseph Sabella and Deputy Jensen as defendants. Dkt. No. 66. The FAC alleges that Sabella and Jensen were working at Martinez Detention Facility at the time of attack and that they, along with other Doe deputies, "were the assigned Sheriff's Deputies in charge of observing Decedent and to protect Decedent from inmate attacks and these Defendants failed in their duty to observe and keep Decedent safe from harm." *Id.* ¶ 23. The FAC alleges, *inter alia*, that Sabella and Jensen, and other deputies, "stood watch" while Levele was attacked, and that Sabella and Jensen and other deputies were responsible for monitoring inmate calls on the jail recorded phone lines. *Id.* ¶¶ 13-14.

Defendant Sabella moves to dismiss the claims of Carrie James and Perry Williams as untimely.[1] The parents' claims against Sabella are untimely unless the addition of Sabella in the FAC "relates back" to the filing of the original complaint in October 2022.[2] Federal Rule of Civil Procedure 15(c)(1) allows an amendment to a pleading to "relate back" to the date of the original

---

[1] Sabella does not move to dismiss the claims of the minor children based on the statute of limitations. The Court addresses the claims of all plaintiffs against Jensen in section II.

[2] Even if the addition of Sabella relates back to the original complaint, the parents' claims may be untimely, but that question will be decided on a fuller factual record. In earlier orders, the Court held that the statute of limitations was tolled until October 1, 2020, pursuant to California Emergency Rule 9, and thus that the parents' claims were filed nine days late unless their claims accrued on a date other than September 23, 2020, or there was some basis for tolling. Noting the parents' allegations that the County had "stonewalled" their requests for information about their son's death and that it was not until the April 2021 Coroner's Inquest that they learned the facts underlying their son's death, the Court held that there were factual questions as to when the parents' claims accrued and whether there was a basis for equitable tolling.

2

pleading under certain circumstances. That rule provides,

> (1) When an Amendment Relates Back. An amendment to a pleading relates back to the date of the original pleading when:
>
> (A) the law that provides the applicable statute of limitations allows relation back;
>
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading; or
>
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>
> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. Proc. 15(c)(1).

"Rule 15(c)(1) incorporates the relation back rules of the law of a state when that state's law provides the applicable statute of limitations and is more lenient." *Butler v. Nat'l Cmty. Renaissance of California*, 766 F.3d 1191, 1200 (9th Cir. 2014). "As a result, if an amendment relates back under the state law that provides the applicable statute of limitations, that amendment relates back under Rule 15(c)(1) even if the amendment would not otherwise relate back under the federal rules." *Id*.

California law governs the statute of limitations for plaintiffs' § 1983 claims. *See Douglas v. Noelle*, 567 F.3d 1103, 1109 (9th Cir. 2009). Thus, "because the limitations period derives from state law, Rule 15(c)(1) requires us to consider both federal and state law and employ whichever affords the 'more permissive' relation back standard." *Butler*, 766 F.3d at 1201. For the reasons stated in the Court's May 30, 2024 order, Dkt. No. 84, the parents' claims do not relate back under California law, and thus the Court analyzes whether the claims relate back under federal law.

"Rule 15(c)(1)(C) provides the federal standard for relation back." *Hogan v. Fischer*, 738 F.3d 509, 517 (2d Cir. 2013). "In order for an amended complaint to relate back under Rule 15(c)(1)(C), the following conditions must be met: '(1) the basic claim must have arisen out of the conduct set forth in the original pleading; (2) the party to be brought in must have received such

3

1  notice that it will not be prejudiced in maintaining its defense; (3) that party must or should have
2  known that, but for a mistake concerning identity, the action would have been brought against it.'"
3  *Butler*, 766 F.3d at 1202. "Additionally, the second and third requirements must have been fulfilled
4  within 120³ days after the original complaint is filed, as prescribed by Federal Rule of Civil
5  Procedure 4(m)." *Id*.

6  "The question under Rule 15(c)(1)(C)(ii) is not whether [the plaintiff] knew or should have
7  known the identity of [the prospective defendant] as the proper defendant, but whether [the
8  prospective defendant] knew or should have known that it would be named as a defendant but for
9  an error." *Krupski v. Costa Crociere S.p.A.*, 560 U.S. 538, 548 (2010). Thus, "[t]he only question
10 under Rule 15(c)(1)(C)(ii), then, is whether [the prospective defendant] knew or should have known
11 that, absent some mistake, the action would have been brought against [the prospective defendant]."
12 *Id*.; *see also Joseph v. Elan Motorsports Tech. Racing Corp.*, 638 F.3d 555, 559-60 (7th Cir. 2011)
13 (after *Krupski*, "The fact that the plaintiff was careless in failing to discover his mistake is relevant
14 to a defendant's claim of prejudice; the longer the delay in amending the complaint was, the likelier
15 the new defendant is to have been placed at a disadvantage in the litigation. But carelessness is no
16 longer a ground independent of prejudice for refusing to allow relation back."). *See, e.g.*, *Myers v.
17 Checksmart Financial LLC*, 701 Fed. App'x 588, 589-90 (9th Cir. July 3, 2017) (reversing district
18 court and holding amendment related back under federal law because record showed that later-added
19 defendant reasonably should have known within Rule 4(m) time period that the plaintiff intended to
20 sue it); *see also White v. City of Los Angeles*, Case No. CV 19-00243 DDP (RAOx), 2020 WL
21 9893054, at *2-6 (C.D. Cal. July 24, 2020) (discussing relation back under California and federal
22 law, and concluding in § 1983 case that while the plaintiff's claims did not relate back under
23 California law because plaintiff and his lawyer had knowledge of officers' identities at time original
24 complaint was filed, claims did relate back under federal law).

25 The Court concludes that the fourth amended complaint naming Sabella relates back to the

---

³ Rule 4(m) was amended in 2015 to shorten the time period for service of summons and the complaint from 120 days to 90 days. *See* Fed. R. Civ. P. 4(m) advisory committee's notes to 2015 amendment.

4

filing of the original complaint. There is no dispute that the claims against Sabella arise out of the conduct set forth in the original complaint, satisfying Rule 15(c)(1)(C)(i). At the hearing, defense counsel conceded that Sabella, who is still working for the County and is represented by County Counsel, had constructive notice of the original complaint within the Rule 4(m), thus satisfying the second requirement of Rule 15(c)(1)(C). The third requirement of Rule 15(c)(1)(C) is met because Sabella must or should have known that, but for a "mistake" concerning identity, the parents intended to sue him because the original complaint described the conduct of the deputy defendants and stated that plaintiffs intended to sue the deputies who had been on duty at the time of the attack. *See White*, 2020 WL 9893054, at *6 (holding amended complaint related back under federal law where original complaint named Doe defendants and amended complaint named officers involved in shooting because "the only difference between the original complaint and the amended complaint is the corrected names of the shooting officers" and "the conduct described in the complaint states with sufficient detail that the shooting officers were the intended parties to be named in the suit").

Sabella contends that the parents' claims do not relate back because "replacing a fictitious 'Doe' defendant with a named defendant is not a 'mistake' that permits relation back under Rule 15(c)." Def's Mtn. at 4 (Dkt. No. 76). As support for this proposition, defendant cites *Boss v. City of Mesa*, 746 Fed. App'x. 692 (9th Cir. Aug. 22, 2018). In *Boss*, the Ninth Circuit affirmed a district court's determination that a second amended complaint naming newly added officers did not relate back to the earlier complaints because the newly added defendants did not receive notice of the lawsuit until "well after the notice period under Rule 4(m) had expired." *Id*. at 695. The Ninth Circuit also noted that the plaintiff conceded that there was no mistake concerning the proper parties' identities, and stated "Replacing a 'John Doe' defendant with the actual name of a defendant is not a 'mistake' that allows relation back under Rule 15(c)(1)(C)," citing "*Butler v. Nat'l Cmty. Renaissance of Cal.*, 766 F.3d 1191, 1203-04 (9th Cir. 2014)." *Id*.

The Court finds that *Boss* is not dispositive of the question presented here. As an initial matter, while unpublished Ninth Circuit dispositions can be instructive and may be cited by the parties, they are not precedential. *See* Ninth Circuit Rule 36-3(a). Further, *Boss* is factually distinguishable in that, unlike here, the newly added defendants did not have notice of the lawsuit

5

1 until after the Rule 4(m) period had expired. Finally, and most significantly, when the district court
2 in *Boss* held that "naming a 'John Doe' defendant in the initial complaint is not a Rule 15(c)(2)
3 mistake," the court was applying Arizona law on relation back, not federal law. *See Boss v.*
4 *Unknown Parties*, No. CV-14-02344-PHX-ROS, 2016 WL 11782435, at *5 (D. Ariz. Nov. 16,
5 2016) (initial decision on relation back); *Boss v. Unknown Parties*, No. CV-14-02344-PHX-ROS,
6 2017 WL 6884313, at *5 (D. Ariz. Oct. 20, 2017) (citing earlier decision on relation back and
7 dismissing newly added defendants), aff'd sub nom. *Boss v. City of Mesa*, 746 F. App'x 692 (9th
8 Cir. 2018). Although the Ninth Circuit's unpublished disposition in *Boss* cited *Butler* for the
9 proposition that replacing a Doe defendant is not a "mistake" that permits relation back, *Butler* did
10 not involve Doe defendants, and the cited pages of *Butler* (766 F.3d at 1203-04) instead discuss
11 whether the newly added defendants knew or should have known that the plaintiff's lawsuit would
12 have been brought against them but for the plaintiff's mistake in not naming them earlier. *Butler*
13 does not hold that replacing a John Doe defendant with the actual name of a defendant can never be
14 a "mistake" under Rule 15(c)(1).

15 Accordingly, the Court holds that the naming of Sabella in the FAC relates back to the
16 original complaint and thus that the parents' claims are not, as a pleading matter, untimely.

## II. Rule 4(m)

Sabella requests the dismissal of all plaintiffs' claims against him, including those brought by the decedent's minor children, pursuant to Federal Rule of Civil Procedure 4(m). That rule provides,

> If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

Sabella argues that the claims against him must be dismissed because he was not served within 90 days of the original complaint. Sabella also argues that all claims against Deputy Jensen and Does 1-50 should be dismissed because those defendants still has not been served.

Although Sabella was not served within 90 days of the filing of the original complaint, he was served within 90 days of the filing of the FAC, which is the complaint that named him as a defendant for the first time. The FAC was filed on February 27, 2024, and Sabella was served sometime prior to March 29, 2024,[4] well before the May 28, 2024 deadline. The Ninth Circuit has held that the Rule 4 time period for service begins to run when the amended complaint naming the defendant for the first time was filed, even where the amended complaint is deemed to relate back to the filing of the original complaint for purposes of the statute of limitations. *See McGuckin v. United States*, 918 F.2d 811, 813 (9th Cir. 1990) ("Although McGuckin served the United States Attorney General more than 120 days after he commenced the action, we must construe the 120–day limit of Rule 4(j)[5] to run from the filing of the second amended complaint. To interpret the rule otherwise would restrict the time available for adding defendants to within 120 days after commencement."); *see also Carmona v. Ross*, 376 F.3d 829, 830 (8th Cir. 2004) (applying previous version of Rule 4(m) and reversing district court's dismissal because "Carmona should have been given an additional 120 days to serve those defendants who were added by the second amended complaint."). As such, the Court DENIES this aspect of Sabella's motion.

However, the Court finds it appropriate to dismiss without prejudice the claims of all plaintiffs against Jensen and the Doe defendants for failure to comply with Rule 4(m). Plaintiffs assert that they properly served Jensen on April 1, 2024 through substitute service on a Deputy Clerk for the County. *See* Dkt. No. 85. County counsel stated at the hearing that Deputy Jensen no longer works for the County and that Jensen did not authorize County counsel to accept service on his behalf. In addition, Sabella's motion and reply – both filed after April 1, 2024 – have consistently asserted that Jensen was not properly served, and thus plaintiffs have been on notice that there were

---

[4] The parties' March 29, 2024 joint case management conference statement – Sabella's first appearance in this case – stated that County Counsel was representing "Specially-Appearing Defendant" Sabella and that "Service of the fourth amended complaint on Joseph Sabella and Deputy Jensen was attempted by serving a copy of the summons and complaint on the Clerk of the Board of Supervisors for Contra Costa County which does not constitute proper service. Nevertheless, Sabella gave Patrick Hurley of the County Counsel's Office permission to accept service of the complaint on his behalf." Dkt. No. 74.

[5] Rule 4(j) is the predecessor to the current Rule 4(m). *See* Fed. R. Civ. P. 4(m) advisory committee's note to 1993 amendments.

7

issues with their attempted service on Jensen and they have failed to take corrective action. The Court finds that there is no good cause for an extension of the Rule 4(m) service deadline, and accordingly DISMISSES Jensen without prejudice. Finally, because this case has been pending since October 2022 the Court finds it appropriate to DISMISS all remaining Doe defendants without prejudice.

## CONCLUSION

For the reasons set forth above, defendant Sabella's motion is GRANTED in part and DENIED in part.

**IT IS SO ORDERED**.

Dated: June 11, 2024

_____
SUSAN ILLSTON
United States District Judge