UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARRIE JAMES, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>CONTRA COSTA COUNTY, et al.,<br><br>　　　　Defendants. | Case No. 22-cv-05939-SI<br><br>**ORDER DENYING PLAINTIFFS' MOTION TO AMEND THE COMPLAINT**<br><br>Re: Dkt. No. 154 |

Plaintiffs' motion to amend the complaint is scheduled for a hearing on January 9, 2026. Pursuant to Civil Local Rule 7-1(b), the Court determines that the matter is appropriate for resolution without oral argument and VACATES the hearing. For the reasons set forth below, the Court DENIES the motion.

**DISCUSSION**

On November 24, 2025, plaintiffs filed a motion to amend the complaint to re-add a claim under *Monell v. Dep't of Social Servs.*, 436 U.S. 658 (1978). Plaintiffs state that they obtained "newly discovered evidence" on November 17, 2024, and that this evidence "directly supports" a *Monell* claim. Motion at 1, 5. The newly discovered evidence consists of testimony by Contra Costa deputies from the March 2022 criminal preliminary hearing for inmates Anderson and Johnson (the two inmates who attacked the decedent), about other attacks by Anderson and Johnson in the time period prior to the attack on the decedent, and about the general prevalence of fights between inmates at the Martinez Detention Facility.[1] Plaintiffs assert that this evidence supports a *Monell*

---

[1] Plaintiffs cite testimony from a deputy who states that he/she estimated that there had been approximately 50 inmate/inmate fights in the two-three years that the deputy worked at the facility

1  claim based on failure to train and supervise deputies regarding inmate on inmate attacks,
2  maintaining grossly inadequate procedures to prevent inmate on inmate attacks, and maintaining a
3  policy of inaction with regard to inmate on inmate attacks.  Proposed Amended Compl. ¶ 41.

4        Defendants oppose the motion to amend on several grounds, arguing that plaintiffs have
5  unduly delayed, that allowing amendment would prejudice defendants, and that the proposed
6  amendment is futile.  Defendants state that after the Court dismissed the *Monell* claim without
7  prejudice in September 2023, plaintiffs did not do any discovery to try to identify facts or witnesses
8  to support such a claim, and it was only a month before the discovery cut-off that plaintiffs served
9  written discovery on defendants.  In response to those requests, defendants produced the transcript
10  from the March 2022 preliminary hearing – a transcript that defendants state has always been
11  available to plaintiffs.

12        Rule 15(a)(2) instructs the Court to "freely" grant a motion to amend pleadings unless (1)
13  doing so would prejudice the opposing party; (2) the amendment is sought in bad faith; (3) the
14  amendment causes undue delay; or (4) the proposed amendment would add a futile claim.
15  *AmerisourceBergen Corp. v. Dialysist W., Inc*., 465 F.3d 946, 951 (9th Cir. 2006).  The opposing
16  party bears the burden to show why leave to amend should not be granted.  *Genentech, Inc. v. Abbott*
17  *Labs*., 127 F.R.D. 529, 530 (N.D. Cal. 1989).

18        The Court concludes that defendants have met their burden to demonstrate why plaintiffs'
19  motion should be denied.  Fact discovery closed on November 21, 2025.  Plaintiffs have not
20  provided any explanation for why they did not conduct discovery in support of a *Monell* claim until
21  October 2025.  Further, as defendants note, the "newly discovered evidence" consists of a publicly
22  available transcript of the preliminary hearing in the related state court criminal case, and plaintiffs
23  do not explain why they did not obtain this transcript earlier.  Allowing amendment would prejudice
24  defendants because discovery is closed, and reopening factual discovery would require amending
25  the pretrial schedule—which the Court is not inclined to do given the advanced age of these
26  consolidated cases.  *See Lockheed Martin Corp. v. Network Sols., Inc*., 194 F.3d 980, 986 (9th Cir.

27

---

28  and that fights between inmates were "fairly common."

2

1999) ("a need to reopen discovery and therefore delay the proceedings supports a district court's finding of prejudice from a delayed motion to amend the complaint").

More importantly, even if there was no undue delay or prejudice, the Court finds that the proposed amendment is futile. When the Court dismissed the *Monell* claim in September 2023, the Court considered plaintiffs' allegations that inmates Johnson and Anderson had attacked other inmates before they attacked the decedent, and that the County had failed to train deputies about how to prevent or respond to inmate on inmate attacks. *See* Third Amend. Compl. ¶¶12-13, 39-40. The "newly discovered evidence" provides slightly more factual detail on the prevalence of inmate on inmate attacks at the Martinez Detention Facility and the timing of other attacks by Anderson and Johnson, but does not provide any additional factual support for a *Monell* claim based on failure to train, policy of inaction, or maintaining inadequate procedures. For example, plaintiffs' proposed amended complaint does not contain any factual allegations regarding the County's training program and how it is deficient, nor are there any allegations about the substance of the allegedly inadequate policies and procedures. *Cf. Bell v. Williams*, 108 F.4th 809, 824-26 (9th Cir. 2024) (affirming jury verdict of excessive force in favor of disabled prisoner plaintiff where deputies extracted prisoner from cell without accommodations for his disability, but reversing jury verdict in favor of the plaintiff on *Monell* failure to train claim and discussing in depth the evidence regarding training). The Court cannot infer that the County's training program is deficient, or that the County has inadequate policies and procedures, based simply on plaintiffs' allegations that inmate on inmate attacks are common at the Martinez Detention Facility. *Cf. id*.

## CONCLUSION

For the foregoing reasons, the Court DENIES plaintiffs' motion to amend.

**IT IS SO ORDERED**.

Dated: December 30, 2025

SUSAN ILLSTON
United States District Judge

3